UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHEUMATOLOGY DIAGNOSTICS LABORATORY, INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA, INC., et al.,<br><br>Defendants. | Case No. 12-cv-05847-JST<br><br>**ORDER RE SCHEDULING OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANTS' REQUESTS FOR DISCOVERY STAY** |

At today's Case Management Conference, the parties asked the Court to decide three issues: (1) on what date the Court will hear Plaintiffs' motion for preliminary injunction, ECF No. 59, given that the Court has just taken the Defendants' four motions to dismiss the complaint under submission; (2) whether the Court will stay discovery pending a decision on the motions to dismiss; and (3) whether the Court will stay the parties' obligations to make initial disclosures pursuant to Federal Rule of Civil Procedure 26 pending a decision on the motions to dismiss. The court addresses these issues in turn.

I.  The Hearing On Plaintiffs' Motion For Preliminary Injunction

The Court now has under submission the motions to dismiss of each of four defendants. The motions in question were filed on February 7, 2013.

On March 25, 2013, the Plaintiffs filed a motion for preliminary injunction and set it for hearing on today's date, April 29, 2013. At Defendants' request, however, the Court vacated the hearing on the injunction motion to give the Court the opportunity to resolve the sufficiency of the complaint as a predicate to determining the Plaintiffs' right to extraordinary relief. ECF No. 68.

Plaintiffs now ask the Court to schedule a hearing on their preliminary injunction motion on May 27, 2013. ECF No. 76 at 7. They ask the Court to hold a hearing then regardless of whether the

1  Court grants or denies the Defendant's motions to dismiss, and regardless of whether there is an
2  operative complaint.  Defendants ask that the hearing be set approximately 90 days after the Court
3  issues its rulings on the motions to dismiss.  Id. at 8.

4  The Court cannot grant Plaintiffs' request, because the Court cannot consider a motion for
5  preliminary injunction until an operative complaint has been identified.  The operative complaint will
6  frame the issues to be resolved in the motion for preliminary injunction.  See, e.g., Peace & Freedom
7  Party v. Bowen, 2:12-CV-00853-GEB, 2012 WL 1455248 (E.D. Cal. Apr. 26, 2012) (noting that
8  plaintiffs' argument for injunction did not assist them in showing likelihood of success on the
9  merits, since the argument was not contained in their complaint); Pamer v. California Dep't of
10 Corr., C 04-3252 SI PR, 2007 WL 2778913 (N.D. Cal. Sept. 21, 2007) aff'd sub nom. Pamer v.
11 Lucine, 310 F. App'x 155 (9th Cir. 2009) ("[i]njunctive relief is improper because the proposed
12 TRO/preliminary injunction does not pertain to the issues as framed by the second amended
13 complaint").

14 On the other hand, the amount of time requested by the Defendants between the issuance
15 of a ruling on the motions to dismiss and a hearing on the preliminary injunction is excessive.  If
16 the Court denies the motions to dismiss, then Defendants will have known what Plaintiffs'
17 allegations are for several months.  Even if the Court grants the motions with leave to amend, it is
18 reasonable to assume that bulk of the allegations will be the same.[1]

19 Accordingly, the Court now orders as follows:  If the motions to dismiss are denied,
20 Plaintiffs may renotice the motion for preliminary injunction for any Thursday afternoon at 2:00
21 p.m. that is at least 35 days after the ruling on the motions to dismiss (consisting of 14 days to
22 oppose the motion, 7 days for a reply, and two weeks thereafter for hearing).  If the motions are
23 granted with leave to amend, Plaintiffs must then refile their motion for preliminary injunction,
24 and briefing thereafter will proceed pursuant to the Federal Rules of Civil Procedure and the Local
25 Rules, absent a stipulation or court order to the contrary.
26 / / /
27
28 [1] The only other possibility is that the Court grants the motions without leave to amend, but that would render this issue moot.

II. Request for Stay of Discovery

Defendants request that the Court stay all discovery until the Court has ruled on their motions to dismiss. Plaintiffs oppose this request.

The Eastern District of California has accurately summarized the law pertaining to requests for a discovery stay as follows:

> A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). However . . . the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery. *See, e.g., Seven Springs,* 2007 WL 1146607, at *2; *In re Valence Tech. Sec. Litig.,* No. C 94–1542–SC, 1994 WL 758688, at *2 (N.D.Cal. Nov.18, 1994) (unpublished); *see also Skellercup Indus. Ltd. v. City of L.A.,* 163 F.R.D. 598, 600–601 (C.D.Cal.1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation" (citation and quotation marks omitted).). Additionally, a motion for a protective order seeking to preclude discovery must be supported by "good cause" and a "strong showing ." *See Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975); *accord Skellercup Indus. Ltd.,* 163 F.R.D. at 600; *In re Valence Tech. Sec. Litig.,* 1994 WL 758688, at *2; *see also Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal.1990) ("The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements.").

Mlejnecky v. Olympus Imaging Am., Inc., 2:10-CV-02630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011). "[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." Turner Broad. Sys., Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997).

Here, Defendants' request comes, not in the form of a motion, but in their portion of a Joint Case Management Statement. ECF No. 76. Defendants support their request with the following argument: "Defendants believe that discovery should be deferred until after Defendants have filed their answers to the complaint or any amended complaint. Deferring discovery until there is an operative complaint will promote efficiency and judicial economy, by avoiding costly discovery on issues that may be rendered moot by the Court's decision on Defendants' motions to dismiss." Id. at 5.

3

1  This argument does not constitute the showing of "particular and specific need" required
2  by the foregoing authorities. It is an argument that any defendant facing a motion to dismiss could
3  make. As previously noted, the pendency of a motion to dismiss is not ordinarily a reason to stay
4  discovery.

Defendants' request for a discovery stay is DENIED.

III.    Request for Stay of Rule 26 Initial Disclosures

Defendants also request that the parties not be obligated to make initial disclosures pursuant to Federal Rule of Civil Procedure 26 until after the court issues its ruling on the Defendants' motions to dismiss.

A request for a stay of Rule 26 disclosures is analyzed under the same standard as a request to stay discovery generally. See, e.g., Del Vecchio v. Amazon.com, C11-0366RSL, 2011 WL 1585623 (W.D. Wash. Apr. 27, 2011). As previously discussed, the Defendants have not made the showing of particular need required for such a stay. Accordingly, the result must be the same as with their motion for a stay of all discovery.

Defendants' request for a stay of Rule 26 initial disclosures is DENIED.

**IT IS SO ORDERED**.

Dated: April 29, 2013

_____
JON S. TIGAR
United States District Judge