1  Robert E. Bloch (*pro hac vice*)
   rbloch@mayerbrown.com
2  Scott P. Perlman (*pro hac vice*) sperl-
   man@mayerbrown.com
3  MAYER BROWN LLP
   1999 K Street, N.W.
4  Washington, DC 20006
   Telephone: (202) 263-3203
5  Facsimile: (202) 263-5203

6  Christopher J. Kelly (SBN 276312)
   cjkelly@mayerbrown.com
7  MAYER BROWN LLP
   Two Palo Alto Square
8  3000 El Camino Real, Suite 300
   Palo Alto, CA 94306-2112
9  Telephone: (650) 331-2000
   Facsimile: (650) 331-2060

10
   Attorneys for Defendant
11 CALIFORNIA PHYSICIANS' SERVICE
   d/b/a BLUE SHIELD OF CALIFORNIA
12
   [other counsel listed on signature pages]
13

14             **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16               **SAN FRANCISCO DIVISION**

17 RHEUMATOLOGY DIAGNOSTICS            Case No. 3:12-cv-05847-WHO
   LABORATORY, INC., et al.,
18                                     **STIPULATED PROTECTIVE ORDER**
   Plaintiffs,
19
   vs.
20
   CALIFORNIA PHYSICIANS' SERVICE
21 d/b/a BLUE SHIELD OF CALIFORNIA, et al.,

22 Defendants.

23

24

25

26

27

28

707527148

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information considered by the Producing Party in good faith to contain non-public competitive business information, forecasts, projections, contracts with third parties, business or marketing plans, studies or models, asset valuations, pricing data, product or plan descriptions, or other similarly sensitive non-public commercial, financial, or business matters or trade secrets.

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" .

1    2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the me-

2    dium or manner in which it is generated, stored, or maintained (including, among other things,

3    testimony, transcripts, and tangible things), that are produced or generated in disclosures or re-

4    sponses to discovery in this matter.

5    2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

6    the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

7    as a consultant in this action, (2) is not a past or current officer, director or employee of a Party

8    or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an of-

9    ficer, director or  employee of a Party or of a Party's competitor.

10   2.8   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or</u>

11   <u>Items</u>: information as to which the Producing Party determines both of the following in good

12   faith: (1) such information contains non-public information of a competitively or commercially

13   sensitive, proprietary, financial or trade secret nature, or that involves or implicates privacy in-

14   terests; and (2) disclosure of such information to the Receiving Party or a Non-Party may be det-

15   rimental to the Producing Party's interests.

16   2.9   <u>House Counsel</u>: attorneys who are employees of a party to this action. House

17   Counsel does not include Outside Counsel of Record or any other outside counsel.

18   2.10   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

19   entity not named as a Party to this action.

20   2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this ac-

21   tion but are retained to represent or advise a party to this action and have appeared in this action

22   on behalf of that party or are affiliated with a law firm which has appeared on behalf of that par-

23   ty.

24   2.12   <u>Party</u>: any party to this action, including all of its officers, directors, employees,

25   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

26   2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Ma-

27   terial in this action.

28   2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services

1   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organiz-

2   ing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3       2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

4   "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5       2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

6   Producing Party.

7   3.    <u>SCOPE</u>

8       3.1  The protections conferred by this Stipulation and Order cover not only Protected Ma-

9   terial (as defined above), but also (1) any information copied or extracted from Protected Materi-

10   al; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testi-

11   mony, conversations, or presentations by Parties or their Counsel that might reveal Protected

12   Material. However, the protections conferred by this Stipulation and Order do not cover the fol-

13   lowing information: (a) any information that is in the public domain at the time of disclosure to a

14   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

15   a result of publication not involving a violation of this Order, including becoming part of the

16   public record through trial or otherwise; and (b) any information known to the Receiving Party

17   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

18   obtained the information lawfully, in either case under no obligation of confidentiality to the

19   Designating Party.  Any use of Protected Material at trial shall be governed by a separate agree-

20   ment or order.

21       3.2  Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or

22   use of its own Protected Material for any purpose.

23       3.3  Nothing in this Order shall be construed to prejudice any Party's rights to use any

24   Protected Material in Court or in any Court filing with the written consent of the Designating

25   Party or by order of the Court or in accordance with the rules of this Court for filing documents

26   under seal.

27       3.4  This Order is without prejudice to the right of any Party to seek further or additional

28   protection of any Discovery Material or to modify this Order in any way, including, without

limitation, an order that certain matter not be produced at all.

3.5  Nothing in this Order shall be construed to prevent Outside Counsel of Record or House Counsel from advising their clients with respect to this case in whole or in part upon Protected Materials, provided that the Protected Materials are not disclosed by such Counsel except as provided in this Order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing

1  the mistaken designation.

2      5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

3  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Dis-

4  closure or Discovery Material that qualifies for protection under this Order must be clearly so

5  designated before the material is disclosed or produced.

6      Designation in conformity with this Order requires:

7      (a) for information in documentary form (e.g., paper or electronic documents, but

8  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Par-

9  ty affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10  ONLY" to each page that contains protected material.  If only a portion or portions of the materi-

11  al on a page qualifies for protection, the Producing Party also must clearly identify the protected

12  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each por-

13  tion, the level of protection being asserted.  For each document produced in a native file format

14  (e.g., a Microsoft Excel workbook file), the Producing Party shall:  (i) stamp the appropriate con-

15  fidentiality designation on a slip-sheet of a TIFF image indicating that the document has been

16  produced in native format, along with the bates number of the produced document; and (ii) in-

17  clude in the load file accompanying the production a metadata field reflecting the document's

18  confidentiality designation.

19      A Party or Non-Party that makes original documents or materials available for inspection

20  need not designate them for protection until after the inspecting Party has indicated which mate-

21  rial it would like copied and produced. During the inspection and before the designation, all of

22  the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – AT-

23  TORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

24  copied and produced, the Producing Party must determine which documents, or portions thereof,

25  qualify for protection under this Order. Then, before producing the specified documents, the

26  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFI-

27  DENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If

28  only a portion or portions of the material on a page qualifies for protection, the Producing Party

1  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

2  margins) and must specify, for each portion, the level of protection being asserted.

3           (b) for testimony given in deposition or in other pretrial or trial proceedings, that

4  the Designating Party identify on the record, before the close of the deposition, hearing, or other

5  proceeding, all protected testimony and specify the level of protection being asserted. When it is

6  impractical to identify separately each portion of testimony that is entitled to protection and it

7  appears that substantial portions of the testimony may qualify for protection, the Designating

8  Party may invoke on the record (before the deposition, hearing, or other proceeding is conclud-

9  ed) a right to have up to 21 days from the date of the deposition to identify the specific portions

10 of the testimony as to which protection is sought and to specify the level of protection being as-

11 serted. Only those portions of the testimony that are appropriately designated for protection with-

12 in the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternative-

13 ly, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is

14 properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

15 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16        All Parties in this action shall have the presumptive right to attend all depositions and

17 other proceedings.  Parties shall not have the right to attend the portions of such depositions or

18 proceedings that are, in good faith, reasonably expected to include HIGHLY CONFIDENTIAL –

19 ATTORNEYS' EYES ONLY Protected Material.  The Designating Party shall provide notice if

20 they, in good faith, reasonably expect a deposition, hearing or other proceeding to include

21 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Protected Material so that Parties

22 can ensure that only authorized individuals are present during the portions of those proceedings

23 that are, in good faith, reasonably expected to include HIGHLY CONFIDENTIAL – ATTOR-

24 NEYS' EYES ONLY Protected Material. The use of a document as an exhibit at a deposition

25 shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDEN-

26 TIAL – ATTORNEYS' EYES ONLY."

27        Transcripts containing Protected Material shall have an obvious legend on the title page

28 that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If a Producing Party discovers that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information or items that it produced were not designated as Protected Material, or that it produced information or items that were designated as Protected Material but had designated them in the incorrect category, the Producing Party may notify all other parties of the error and identify the affected information or items and their new designation or re-designation.  Thereafter, the information or items so designated or re-designated will be treated as Protected Material.  After providing such notice, the Producing Party shall provide re-labeled copies of the information or items to the Receiving Party reflecting the change in designation.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy, at the Receiving Party's option, all Discovery Material rea-

-7-
STIPULATED PROTECTIVE ORDER CASE NO. 3:12-CV-05847-WHO

1   sonably accessible to the Receiving Party that was not designated properly.  Unauthorized or in-

2   advertent disclosure does not change the status of Discovery Material or waive the right to hold

3   the disclosed document or information as Protected Material.

4   6.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

5       6.1       Timing of Challenges. Any Party or Non-Party may challenge a designation of

6   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

7   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic bur-

8   dens, or a significant disruption or delay of the litigation, a Party does not waive its right to chal-

9   lenge a confidentiality designation by electing not to mount a challenge promptly after the origi-

10   nal designation is disclosed.

11       6.2       Meet and Confer. The Challenging Party shall initiate the dispute resolution pro-

12   cess by providing written notice of each designation it is challenging and describing the basis for

13   each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice

14   must recite that the challenge to confidentiality is being made in accordance with this specific

15   paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good

16   faith and must begin the process by conferring directly (in voice to voice dialogue; other forms

17   of communication are not sufficient) within 14 days of the date of service of notice. In confer-

18   ring, the Challenging Party must explain the basis for its belief that the confidentiality designa-

19   tion was not proper and must give the Designating Party an opportunity to review the designated

20   material, to reconsider the circumstances, and, if no change in designation is offered, to explain

21   the basis for the chosen designation. A Challenging Party may proceed to the next stage of the

22   challenge process only if it has engaged in this meet and confer process first or establishes that

23   the Designating Party is unwilling to participate in the meet and confer process in a timely man-

24   ner.

25       6.3       Judicial Intervention. If the Parties cannot resolve a challenge without court inter-

26   vention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

27   Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable)

28   within 30 days of the initial notice of challenge or within 21 days of the parties agreeing that the

1   meet and confer process will not resolve their dispute, whichever is earlier. After a total of 5

2   such motions have been filed by any Designating Party, the Challenging Party shall have the

3   burden of moving with respect to that Designating Party, although the burden of persuasion shall

4   remain on the Designating Party. Each such motion must be accompanied by a competent decla-

5   ration affirming that the movant has complied with the meet and confer requirements imposed in

6   the preceding paragraph. Failure by the Designating Party to make such a motion including the

7   required declaration within 30 days (or 21 days, if applicable) shall automatically waive the con-

8   fidentiality designation for each challenged designation. In addition, the Challenging Party may

9   file a motion challenging a confidentiality designation at any time if there is good cause for do-

10  ing so, including a challenge to the designation of a deposition transcript or any portions thereof.

11  Any motion brought pursuant to this provision must be accompanied by a competent declaration

12  affirming that the movant has complied with the meet and confer requirements imposed by the

13  preceding paragraph.

14          The burden of persuasion in any such challenge proceeding shall be on the Designating

15  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

16  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanc-

17  tions. Unless the Designating Party has waived the confidentiality designation by failing to file a

18  motion to retain confidentiality as described above, all parties shall continue to afford the materi-

19  al in question the level of protection to which it is entitled under the Producing Party's designa-

20  tion until the court rules on the challenge.

21  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

22          7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed

23  or produced by another Party or by a Non-Party in connection with this case only for prosecut-

24  ing, defending, or attempting to settle this litigation. Such Protected Material may be disclosed

25  only to the categories of persons and under the conditions described in this Order. When the liti-

26  gation has been terminated, a Receiving Party must comply with the provisions of section 15 be-

27  low (FINAL DISPOSITION).

28          Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise or-dered by the court or permitted in writing by the Designating Party, a Receiving Party may dis-close any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as em-ployees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Re-ceiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agree-ment to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters, stenographers and videographers retained to record testimony in this action and their staff, and professional jury or trial consultants, mock jurors and Profes-sional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reason-ably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Ex-hibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of tran-scribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodi-

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

an or other person who otherwise possessed or knew the information);

(h) any mediator who is assigned to hear this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i) any other person with the prior written consent of the Designating Party.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1) or 7.4(a)(2), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(3), below, have been followed;

(d) the court and its personnel;

(e) court reporters, stenographers and videographers retained to record testimony in this action and their staff, and professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

1    (g) any mediator who is assigned to hear this matter, and his or her staff, who

2    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

3    (h) any other person with the prior written consent of the Designating Party.

4    7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL</u>

5    <u>– ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.</u>

6    (a)(1) Each party may disclose any information or item that has been designated

7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) to

8    its respective Designated House Counsel listed below:

9    <u>California Physicians' Service d/b/a Blue Shield of California</u>:  Charles L. Sweeris

10   <u>Quest Diagnostics Incorporated and Quest Diagnostics Clinical Laboratories Incorpo-</u>

11   <u>rated</u>:  Paul Kattas, Dina Mack, Donna Salerno

12   <u>Blue Cross and Blue Shield Association</u>:  Daniel Engel, Sybil Medie

13   <u>Aetna, Inc.</u>:  Eric B. Myers, Paul Weller

14   (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Desig-

15   nating Party, a Party that seeks to disclose to Designated House Counsel other than those Desig-

16   nated House Counsel listed in paragraph 7.4(a)(1) any information or item that has been desig-

17   nated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph

18   7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name

19   of the Designated House Counsel and the city and state of his or her residence, and (2) describes

20   the Designated House Counsel's current and reasonably foreseeable future primary job duties

21   and responsibilities in sufficient detail to determine if House Counsel is involved, or may be-

22   come involved, in any competitive decision-making.

23   (a)(3) Unless otherwise ordered by the court or agreed to in writing by the Desig-

24   nating Party, a Party may disclose any information or item that has been designated "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Experts (as defined in this Order) retained

26   by the Receiving Party to assist in this action, provided that disclosure is only to the extent rea-

27   sonably necessary to perform such work, and provided that (i) such Expert is not a current of-

28   ficer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of

1   retention to become an officer, director, or employee of a Party or of a competitor to a Party; (ii)

2   such Expert is not involved in competitive decision-making, as defined by *U.S. Steel v. United*

3   *States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party;

4   and (iii) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

5   A).  Such Experts shall not be permitted to provide advice, analysis, or recommendations to a

6   competitor of the Designating Party that concern the matters at issue in the above-entitled litiga-

7   tion, while the above-entitled litigation is pending, absent consent of the Designating Party.

8   Consent of the Designating Party shall not be withheld absent compelling ground.

9          Experts are hereby specifically notified that their written work product which con-

10  tains or discloses the substance of "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTOR-

11  NEYS' EYES ONLY" information is subject to all the provisions of this Protective Order. Out-

12  side Counsel of Record disclosing "CONFIDENTIAL" and/or "CONFIDENTIAL- ATTOR-

13  NEYS' EYES ONLY" information to Experts shall be responsible for obtaining the executed

14  undertakings in advance of such disclosure and also shall retain the original executed copy of

15  said undertaking.

16         (b) A Party that makes a request and provides the information specified in the

17  preceding respective paragraphs may disclose the subject Protected Material to the identified

18  Designated House Counsel unless, within 14 days of delivering the request, the Party receives a

19  written objection from the Designating Party. Any such objection must set forth in detail the

20  grounds on which it is based.

21         (c) A Party that receives a timely written objection must meet and confer with the

22  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agree-

23  ment within seven days of the written objection. If no agreement is reached, the Party seeking to

24  make the disclosure to Designated House Counsel or the Expert may file a motion as provided in

25  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if ap-

26  plicable) seeking permission from the court to do so. Any such motion must describe the circum-

27  stances with specificity, set forth in detail the reasons why the disclosure to Designated House

28  Counsel is reasonably necessary, assess the risk of harm that the disclosure would entail, and

suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to pro-duce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502(b), the inadvertent production of material subject to a claim of attorney-client privilege, work product protection or other privilege or protection shall not constitute an automatic waiver of such privilege or protection.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, each Receiving Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.     MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in

1   the public record in this action any Protected Material. A Party that seeks to file under seal any

2   Protected Material must comply with Civil Local Rule 79-5 and General Order 62.

3      12.4   <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the

4   terms of this Protective Order shall survive and remain in effect after the Final Disposition of the

5   above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter

6   to hear and resolve any disputes arising out of this Protective Order for a period of six months.

7      12.5   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys,

8   and their successors, executors, personal representatives, administrators, legal representatives,

9   assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any per-

10  sons or organizations over which they have direct control.

11     12.6   <u>Modification by Court</u>.  This Order is subject to further court order based upon

12  public policy or other considerations, and the Court may modify this Order *sua sponte* in the in-

13  terests of justice.  The United States District Court for the Northern District of California is re-

14  sponsible for the interpretation and enforcement of this Order.  All disputes concerning Protected

15  Material, however designated, produced under the protection of this Order shall be resolved by

16  the United States District Court for the Northern District of California.

17     12.7   <u>Discovery Rules Remain Unchanged</u>.   Identification of any individual pursuant to

18  this Order does not make that individual available for deposition or any other form of discovery

19  outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local

20  Rules for the United States District Court for the Northern District of California, or the Court's

21  own orders.

22  13.   <u>FINAL DISPOSITION</u>

23         Within 60 days after the final disposition of this action, as defined in paragraph 4,

24  each Receiving Party must return all Protected Material to the Producing Party or destroy such

25  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, com-

26  pilations, summaries, and any other format reproducing or capturing any of the Protected Materi-

27  al. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

28  written certification to the Producing Party (and, if not the same person or entity, to the Designat-

1  ing Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Pro-

2  tected Material that was returned or destroyed and (2) affirms that the Receiving Party has not

3  retained any copies, abstracts, compilations, summaries or any other format reproducing or cap-

4  turing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to re-

5  tain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

6  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

7  product, and consultant and expert work product, even if such materials contain Protected Mate-

8  rial. Any such archival copies that contain or constitute Protected Material remain subject to this

9  Protective Order as set forth in Section 4 (DURATION).

10         Pursuant to Civil Local Rule 5-1(i)(3), the filer of this stipulation attests that he has ob-

11  tained concurrence in the filing of this document from each of the other Signatories.

12         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14  DATED: September 19, 2013          **COTCHETT, PITRE & McCARTHY, LLP**

15                                    By:    /s/ Eric J. Buescher
                                            Niall P. McCarthy (SBN 160175)
16                                          nmccarthy@cpmlegal.com
                                            Anne Marie Murphy (SBN 202540)
17                                          amurphy@cpmlegal.com
                                            Eric J. Buescher (SBN 271323)
18                                          ebuescher@cpmlegal.com
                                            840 Malcolm Road
19                                          Burlingame, California 94010
20                                          Tel: (650) 697-6000 / Fax: (650) 692-3606

21                                          *Attorneys for Plaintiffs*

22

23  DATED: September 19, 2013          **MAYER BROWN LLP**

24                                    By:    /s/ Christopher J. Kelly
                                            Robert E. Bloch (*pro hac vice*)
25                                          rbloch@mayerbrown.com
                                            Scott P. Perlman (*pro hac vice*) sperl-
26                                          man@mayerbrown.com
                                            1999 K Street, N.W.
27                                          Washington, DC 20006
                                            Telephone: (202) 263-3203
28

-18-

Facsimile: (202) 263-5203

Christopher J. Kelly (SBN 276312)
cjkelly@mayerbrown.com
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

*Attorneys for Defendant California Physicians'
Service d/b/a Blue Shield of California*

DATED: September 19, 2013       **SIDLEY AUSTIN LLP**

By:     /s/ Richard D. Raskin
        Richard D. Raskin (admitted *pro hac vice*)
        rraskin@sidley.com
        Scott D. Stein (admitted *pro hac vice*)
        sstein@sidley.com
        Allison W. Reimann (admitted *pro hac vice*)
        areimann@sidley.com
        One South Dearborn
        Chicago, Illinois 60603
        Telephone:  (312) 853-7000
        Facsimile:  (312) 853-7036

        Ryan M. Sandrock (SBN 251781)
        rsandrock@sidley.com
        Naomi A. Igra (SBN 269095)
        nigra@sidley.com
        555 California Street, Suite 2000
        San Francisco, California 94104
        Telephone:  (415) 772-1200
        Facsimile:  (415) 772-7400

        *Attorneys for Defendants
        Quest Diagnostics Incorporated and
        Quest Diagnostics Clinical Laboratories
        Incorporated*

DATED: September 19, 2013       **JENNER & BLOCK LLP**

By:     /s/ John J. Hamill
        Kenneth K. Lee (Cal. Bar No. 264296)
        klee@jenner.com
        Jean M. Doherty (Cal. Bar No. 264308)

-19-

jdoherty@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA  90071-2054
Phone:  (213) 239-5100
Facsimile:  (213) 239-5199

John J. Hamill (*pro hac vice*)
jhamill@jenner.com
Jason M. Bradford (*pro hac vice*)
jbradford@jenner.com
353 N. Clark St.
Chicago, IL 60654
Phone:  (312) 222-9350
Facsimile:  (312) 527-0484

*Attorneys for Defendant*
*Blue Cross and Blue Shield Association*

DATED: September 19, 2013          **JONES DAY**

By:     /s/ David C. Kiernan
       Robert A. Mittelstaedt #60359
       ramittelstaedt@jonesday.com
       Craig E. Stewart #129530
       cestewart@jonesday.com
       David C. Kiernan #215335
       dkiernan@jonesday.com
       Lin W. Kahn #261387
       linkahn@jonesday.com
       555 California Street, 26th Floor
       San Francisco, CA 94104
       Telephone: (415) 626-3939
       Facsimile: (415) 875-5700

*Attorneys for Defendant*
*Aetna, Inc..*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: September 20, 2013

The Honorable William H. Orrick
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Rheumatology Diagnostics Laboratory, Inc., et al., v. California Physicians' Service d/b/a Blue Shield of California, et al.,* Case No. 3:12-cv-05847-WHO.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]