UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RHEUMATOLOGY DIAGNOSTICS LABORATORY, INC, et al.,

Plaintiffs,

v.

AETNA, INC., et al.,

Defendants.

Case No. 12-cv-05847-WHO

**ORDER DENYING MOTIONS FOR ENTRY OF JUDGMENT**

Re: Dkt. Nos. 156, 157

## BACKGROUND

Plaintiffs Rheumatology Diagnostics Laboratory, Inc., Pacific Breast Pathology Medical Corporation, Hunter Laboratories, Inc., and Surgical Pathology Associates LLC brought this action against defendants California Physicians' Services, Inc., d/b/a Blue Shield of California ("BSC"), Blue Cross and Blue Shield Association ("BCBSA"), Aetna, Inc., Quest Diagnostics Incorporated, and Quest Diagnostics Clinical Laboratories, Inc.,[1] alleging violations of the federal Sherman Act and California's Cartwright Act, Unfair Competition Law ("UCL"), and Unfair Practices Act ("UPA"), and intentional and negligent interference with prospective economic advantage. After two earlier motions to dismiss were resolved, on February 6, 2014, I dismissed with prejudice all of the plaintiffs' causes of action against all the defendants except for the UPA cause of action and derivative claims under the "unlawful" and "unfair" prongs of the UCL against Quest. Dkt. No. 146.

The plaintiffs, BSC, and BCBSA move for entry of judgment under Federal Rule of Civil

---

[1] This Order collectively refers to Quest Diagnostics Incorporated and Quest Diagnostics Clinical Laboratories, Inc., as "Quest."

Procedure 54(b).[2]  Dkt. Nos. 156, 157.  Quest opposes the motion.  Dkt. No. 162.  Aetna also opposes the motion, but alternatively asks that I enter judgment in its favor as well should I decide that entry of judgment is proper based on the motions.  Dkt. No. 160 at 1 n.1.

Pursuant to Civil Local Rule 7-1(b), I find this matter suitable for disposition without oral argument, VACATE the hearing currently scheduled for June 11, 2014, and DENY the motion because of the similarity of the facts and claims that would be presented in separate appeals and because the equities do not weigh in favor of separate appeals.

## DISCUSSION

Federal Rule of Civil Procedure 54(b) states, "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Courts apply a "pragmatic approach focusing on severability and efficient judicial administration." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).

In deciding whether to enter judgment, a court "must first determine that it is dealing with a 'final judgment.'  It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).

The court "must go on to determine whether there is any just reason for delay," which involves assessing "judicial administrative interests as well as the equities involved." *Id.* at 8. Consideration of the former is intended to preserve the policy against piecemeal appeals. *Id.*  A court should therefore ask "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there [a]re

---

[2] BSC and BCBSA only moved for entry of judgment on behalf of themselves.  However, in their reply brief, they suggest that I enter judgment on all dismissed claims for all defendants to avoid piecemeal litigation.

2

subsequent appeals." *Id.* "Similar legal facts or issues that may require the appellate court to review legal or factual issues similar to those in the pending claims will weigh heavily against entry of judgment under Rule 54(b)." *Henderson v. City & Cnty. of S.F.*, No. 05-cv-234-VRW, 2009 WL 2058369, at *1 (N.D. Cal. July 13, 2009) (internal quotation marks and citation omitted).

Entry of judgment on the dismissed claims is inappropriate at this juncture. Efficient judicial administration would not be served by separate judgments. While the elements of the remaining UPA and UCL claims and the dismissed antitrust claims are not identical, the underlying allegations are sufficiently related such that a reviewing court would have to look at the same body of facts on two separate appeals if partial judgment were entered now. The plaintiffs pleaded a conspiracy involving each of the defendants. They are likely to point to Quest's alleged below-cost pricing, which is the basis for their UPA claim, as evidence of exclusive dealing that violates the antitrust laws and as the focal point for their damages contentions. For example, the plaintiffs allege that Aetna exclusively dealt with Quest "in exchange for steep discounts" and that BSC terminated its contracts with other laboratories for a 10 percent discount from Quest. SAC ¶¶ 87, 99. The "factual issues 'at the heart' of the claims" are not sufficiently distinct such that severing the appeal in this case would serve judicial economy. *See Angoss II P'ship v. Trifox, Inc.*, No. 98-cv-1459-SI, 2000 WL 288435, at *3 (N.D. Cal. Mar. 13, 2000) (citation omitted).

Further, I am unpersuaded that the equities weigh in favor of entering partial judgment. Trial is scheduled 14 months from now, so the parties will not have to wait long for a final judgment. Quest would certainly be prejudiced by having to litigate the claims pending before me while handling an appeal of the same case. Aetna opposes severing the claims. While BSC and BCBSA assert that the "cloud" of a pending case against them "creates uncertainty" for BSC's "financial analysis and/or borrowing" and for both of them "about whether they might yet have any legal exposure to these claims in the future," they are unlikely to be harmed in a significant way by the 14-month wait until trial given their apparent financial stability and my rejection of plaintiffs' claims against them. It is true that the dismissed claims related to BCBSA do not deal

3

with pricing or discounts, but any inconvenience to it alone does not outweigh the interests of judicial efficiency. The plaintiffs argue that "by the time the remaining issues are fully litigated Plaintiffs will likely be insolvent," Mot. 5, but they presented no evidence in support of that speculative conclusion. If anything, the equities weigh slightly in favor of denying the motion.

## CONCLUSION

There is no evidence of material harm to any party if I do not enter separate judgments at this time; Quest would be put at a disadvantage if I entered separate judgments; and the interests of judicial efficiency trump any perceived benefit from separate judgments. The motions to enter judgment are DENIED.

**IT IS SO ORDERED.**

Dated: June 9, 2014

WILLIAM H. ORRICK
United States District Judge