UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHEUMATOLOGY DIAGNOSTICS LABORATORY, INC, et al.,<br><br>　　　　　　Plaintiffs,<br>　　v.<br>AETNA, INC., et al.,<br>　　　　　　Defendants. | Case No. 12-cv-05847-WHO<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 176 |

　　　　On August 6, 2014, the plaintiffs and defendants Quest Diagnostics, Inc., and Quest Diagnostic Clinical Laboratories, Inc. ("Quest"), filed a joint discovery letter. The parties dispute whether Quest must respond to the plaintiffs' Request for Production of Documents Set Two No. 39, which asks for all documents that Quest produced to the California Attorney General's Office in the case of *State of California ex rel. Hunter Laboratories v. Quest Diagnostics, Inc.*, No. CIV 34-2009-48046, and its investigation.

　　　　The plaintiffs argue that the information requested is relevant to their claims because the Attorney General's complaint substantially overlaps with the claims in this action and because "there is very little burden in producing it." Letter 2. Quest responds that the information requested is irrelevant because the plaintiffs' claims in this action only go back to November 2008, but the last production made to the Attorney General occurred in October 2007, and Quest has already agreed to turn over documents from as early as January 2007. Quest asserts that the Attorney General's investigation considered conduct back to 1995, and focused on payments from California's Medi-Cal program and on clinical pathology, while Medi-Cal is not an issue here and anatomic pathology services, not clinical pathology, are. Moreover, Quest points to the burden of having to reassemble and produce the requested information.

1    The plaintiffs' request for production of documents is DENIED.  At this juncture, the
2 plaintiffs have not shown a sufficient need for the documents such that Quest should be burdened
3 with producing documents extending many years prior to the start of its potential liability to the
4 plaintiffs for a significantly narrower claim.  Quest's liability only goes back to November 2008,
5 and Quest has already agreed to produce documents dating back to January 2007.  Of course, the
6 plaintiffs are entitled to show that Quest's behavior "are part of a long-standing and widespread
7 business practice," Letter 2, but the manner of doing so must be proportionate and reasonable.
8 Quest correctly concedes that "there is some overlap between the California investigation and this
9 case," Letter 4, but I am not persuaded that the proposed discovery's likely benefit outweighs the
10 necessary burden or expenses given the current needs of the case.  *See* FED. R. CIV. P.
11 26(b)(2)(C)(iii).

**IT IS SO ORDERED.**

Dated: August 8, 2014



WILLIAM H. ORRICK
United States District Judge