1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| RHEUMATOLOGY DIAGNOSTICS LABORATORY, INC., et al., | ) ) | Case No.: 3:12-cv-05847-WHO |
|---|---|---|
| Plaintiffs, | ) ) ) | **JOINT ORDER REGARDING DISCOVERY ISSUES HEARD ON NOVEMBER 21, 2014** |
| vs. | ) ) | |
| CALIFORNIA PHYSICIANS' SERVICE d/b/a/ BLUE SHIELD OF CALIFORNIA, et al., | ) ) ) | |
| Defendants. | ) ) | |

Pursuant to the Court's November 18, 2014 Order (Dkt. No. 201), the Court heard argument on multiple discovery issues (Dkt. Nos. 193, 195, 197, 199, 205) on November 21, 2014. After considering the parties' written and oral submissions, the Court orders:

1. QDI will produce the following additional information/documents:
    a. Final versions of the PowerPoints identified in items (1)-(3) of Plaintiffs' opening brief on the McKinsey issue (Dkt. No. 193). QDI may also provide a basis for additional redactions over which the parties will meet and confer.
    b. Full time-series of Fee Schedules 11, 66, and 70 from 2007 to the present.
    c. Data and documents sufficient to show prices, variable costs, fixed costs, and quantity for Quest's top 100 tests in California from 2007 to the present.
    d. Documents sufficient to show accounts taken from Plaintiffs during the relevant time period.
    e. E-Account Reports showing pricing approvals for green, yellow, red, and brown approvals in California during the relevant time period.
    f. A full set of the P&Ls for the IPA accounts subject to the Court's prior order. The parties will work together to identify any deficiencies in the time-series of the P&L's produced pursuant to the order. Quest will look in the files, both custodian and central, most likely to have additional responsive information to address any such deficiencies.
    g. Documents sufficient to show profitability for the Aetna and Blue Shield of California contracts.
2. QDI will produce the following deponents (but need not produce any documents for these deponents):
    a. Gary McCabe.
    b. Tim Sharpe (deposition limited to four hours; QDI may submit additional documentation explaining why another deponent other than Tim Sharpe should be sufficient; Plaintiffs may submit additional information supporting their position).

3. Hunter will produce the following additional information/documents:
   a. Complete set of fee schedules.
   b. Native versions of the cash collections report.
   c. Income statements
4. Plaintiffs will produce the following deponents:
   a. Hunter witness to discuss lost accounts (deposition limited to two hours).
   b. Hunter or Seacoast witness to discuss additional financial documents (deposition limited to two hours).
   c. RDL witness regarding lost accounts.
5. All administrative motions to file under seal submitted in connection with these discovery issues are GRANTED.  (Dkt. Nos. 193, 197, 199).
6. Remainder of motions denied.
7. Both parties reserve their rights to seek additional discovery based on discovery taken pursuant to this order.

Dated: November 25, 2014

WILLIAM H. ORRICK
United States District Judge

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing JOINT [PROPOSED] ORDER REGARDING DISCOVERY ISSUES HEARD ON NOVEMBER 21, 2014.  In compliance with General Order 45.X.B., I hereby attest that Plaintiffs' counsel, Demetrius Lambrinos, has concurred in this filing.

Dated: November 24, 2014              SIDLEY AUSTIN LLP

                                      By: /s/ Ryan M. Sandrock
                                          Ryan M. Sandrock