1

2

3

4               UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7   RHEUMATOLOGY DIAGNOSTICS                Case No. 12-cv-05847-WHO
    LABORATORY, INC, et al.,
8                                           **ORDER REGARDING**
                    Plaintiffs,             **ADMINISTRATIVE MOTION TO FILE**
9                                           **UNDER SEAL OPPOSITION TO**
              v.                            **MOTION FOR SUMMARY JUDGMENT**
10                                          **AND EXHIBITS**
    AETNA, INC., et al.,
11                                          Re: Dkt. Nos. 233, 236
                    Defendants.
12

13          On February 11, 2015, plaintiffs filed an administrative motion to file under seal a number

14   of portions of their brief in opposition to defendants' motion for summary judgment, as well as

15   several declarations and exhibits submitted in support of the brief.  Dkt. No. 215.  Plaintiffs filed a

16   supplemental sealing motion on February 12, 2015, and an errata to the supplemental sealing

17   motion on February 13, 2015.  Dkt. Nos. 236, 238.  The single asserted ground for sealing is that

18   the documents and portions of documents sought to be sealed reflect material designated as

19   confidential by other parties.

20          Blue Shield of California submitted a declaration requesting that the following items

21   identified for sealing by plaintiffs remain sealed: (1) page 12, lines 2-9 and 12-16 of plaintiffs'

22   opposition brief; and (2) Exhibits 31, 33, 34, 35, and 48 to the Lambrinos declaration.  The motion

23   to seal these items is GRANTED.

24          Aetna, Inc. submitted a declaration requesting that the following items identified for

25   sealing by plaintiffs remain sealed: (1) page 3, lines 6-7; page 11, lines 10-11, 13-14, and 17-18 of

26   plaintiffs' opposition brief; (2) Exhibits 29 and 30 of the Lambrinos declaration; (3) paragraph 22

27   of the Plandowski declaration.  The motion to seal these items is GRANTED.

28          Quest Diagnostics Clinical Laboratories Incorporated ("Quest") submitted a declaration

United States District Court
Northern District of California

United States District Court
Northern District of California

1  requesting that dozens of portions of plaintiffs' opposition brief remain sealed, as well as a

2  number of exhibits to the Lambrinos declaration, and a number of paragraphs of the Plandowski

3  declaration and exhibits attached thereto.

4      The motion to seal these items is DENIED WITHOUT PREJUDICE.  QDI's sealing

5  requests are overbroad.  For example, QDI seeks to seal the entirety of paragraphs 8 through 28 of

6  the Plandowski declaration on the ground that these paragraphs contain "proprietary and highly

7  commercially sensitive information concerning QDI's IPA and client pricing, pricing policies and

8  strategies, competitive strategies, and revenues that would be damaging to QDI if publicly

9  disclosed." Dkt. No. 242 at 14.  Several of these paragraphs or portions thereof do not appear to

10  contain such information.  *See, e.g.,* Plandowski Decl. ¶¶ 8-10.  QDI also seeks to seal a number of

11  portions of plaintiffs' opposition brief on the ground that they reference "highly confidential and

12  commercially sensitive information concerning QDI's competitive market strategy." Dkt. No. 4.

13  Again, several such portions do not appear to reference such information.  *See, e.g.,* Opp. at 5:9-

14  11, 10:15-16, 18:18.

15      A party seeking to seal material related to a dispositive motion must "articulate compelling

16  reasons supported by specific factual findings," identifying the particular interests favoring

17  secrecy and showing how those interests outweigh the "strong presumption" favoring disclosure.

18  *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178-81 (9th Cir. 2006).  In general,

19  compelling reasons sufficient to justify sealing exist when the materials may "become a vehicle

20  for improper purposes, such as . . . to gratify private spite, promote public scandal, . . . or release

21  trade secrets." *Id.* at 1179.  But "[t]he mere fact that the production of records may lead to a

22  litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

23  compel the court to seal its records." *Id.*  QDI has not articulated specific facts demonstrating

24  compelling reasons for sealing each of the items it seeks to seal.

25      Accordingly, the motion to seal the items identified in QDI's declaration, Dkt. No. 242, is

26  DENIED WITHOUT PREJUDICE.  QDI shall file an amended declaration on or before March 3,

27  2015 narrowing its sealing requests and/or articulating specific facts demonstrating compelling

28  reasons for sealing.  Plaintiffs need not file an amended sealing motion, and Blue Shield and

1    Aetna are not required to refile their declarations.

2           **IT IS SO ORDERED**.

3    Dated: February 24, 2015



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

3