UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHEUMATOLOGY DIAGNOSTICS LABORATORY, INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AETNA, INC., et al., <br><br> Defendants. | Case No. 12-cv-05847-WHO <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO REFLECT NAME CHANGE** <br><br> Re: Dkt. Nos. 225, 230 |

Plaintiffs move for leave to file a third amended complaint to reflect the corporate name change of one of the four plaintiffs in this case. Mot. 2 (Dkt. No. 230). This motion does not require oral argument and the hearing set for March 25, 2015 is VACATED. *See* Civil L.R. 7-1(b).

Plaintiffs seek to replace all references in the complaint to "Hunter Laboratories, Inc." with references to "HunterHeart, Inc." Mot. 2. Hunter Laboratories, Inc. changed its name to HunterHeart, Inc. in conjunction with the August 2013 sale of the majority of its assets to BioReference Laboratories, Inc. Riedel Decl. ¶¶ 2-3 (Dkt. No. 230-3). Plaintiffs emphasize that the requested amendment is "purely technical" in nature and that the sole change to the complaint would be the replacement of approximately five references to "Hunter Laboratories, Inc." with references to "HunterHeart, Inc." Mot. 2.

Defendants Quest Diagnostics Incorporated and Quest Diagnostics Clinical Laboratories Incorporated (collectively, "Quest") oppose amendment on two grounds: first, that plaintiffs have unduly delayed in seeking amendment, and second, that the corporate name change "has the potential to cause confusion," principally in that the relevant entity referred to in documents and testimony throughout this litigation has been "Hunter Laboratories, Inc.," not "HunterHeart, Inc." Opp. 2-3 (Dkt. No. 244). Quest also expresses concern that allowing the corporate name change

will "obscure" the issue of which of plaintiffs' claims, if any, are barred by the May 2011 settlement agreement between Quest and Hunter Laboratories, Inc. *Id.* at 3.

Plaintiffs' motion is GRANTED. As plaintiffs state in the motion, the requested amendment is purely technical and will have no substantive impact on the parties' claims and defenses. Plaintiffs shall file the third amended complaint on or before March 27, 2015. Quest need not file a new answer.

In connection with the motion for leave to amend, plaintiffs filed an administrative motion to file under seal two documents or portions thereof. Dkt. No. 225. The documents are (1) excerpts from the deposition transcript of Chris Riedel (Murphy Decl. Ex. A, Dkt. No. 225-6); and (2) the proposed third amended complaint (Murphy Decl. Ex. C, Dkt. No. 230). On February 24, 2015, I issued an order denying without prejudice the request to file under seal the deposition transcript excerpts. I gave "[a]ny party that wishes to file a declaration establishing good cause to file any portion of [the deposition transcript excerpts] under seal" until March 3, 2015 to do so. Dkt. No. 247 at 1. No declaration was filed by that date or at any time thereafter. Accordingly, the administrative motion to file under seal the deposition transcript excerpts is DENIED WITH PREJUDICE. The Clerk shall unseal that document, located at Dkt. No. 225-6.

**IT IS SO ORDERED**.

Dated: March 20, 2015

WILLIAM H. ORRICK
United States District Judge