UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHEUMATOLOGY DIAGNOSTICS LABORATORY, INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA, INC., et al.,<br><br>Defendants. | Case No. 12-cv-05847-WHO<br><br>**ORDER REGARDING OUTSTANDING SEALING ISSUES**<br><br>Re: Dkt. Nos. 302-1, 308-2, 308-7, 320, 332 |

On August 12, 2015, this case was dismissed with prejudice following settlement. Dkt. No. 345. This order resolves several outstanding sealing issues.

1. On June 19, 2015, I issued an order regarding, among other things, Quest's motion to seal portions of its brief in opposition to plaintiffs' motion for summary judgment and various attachments thereto. Dkt. No. 309. I denied the motion without prejudice with respect to the Regan deposition transcript, the Riedel deposition transcript, and those portions of the Thomas report not specifically identified in the proposed order submitted by Quest. *Id.* at 13-14. I gave plaintiffs (who had designated the materials as confidential) seven days to submit an amended declaration in support of sealing. *Id.* Plaintiffs did not submit an amended declaration. **Accordingly, within seven days of the date of this order, Quest shall file unsealed versions of the Regan and Riedel deposition transcripts, and a version of the Thomas report with only those portions specifically identified in the proposed order submitted by Quest redacted.**

2. In the same June 19, 2015 order, I denied with prejudice plaintiffs' motion to seal (1) the reply expert report of Greg Regan except for those portions specifically identified in the declaration submitted by Quest, (2) excerpts from the Regan deposition transcript, (3) portions of plaintiffs' reply brief in support of their motion for summary judgment, except for those portions specifically identified in the declarations submitted by Aetna and Quest. Dkt. No. 309 at 14. I gave

plaintiffs seven days to file properly redacted versions of these documents. *Id.* Plaintiffs did not do so. **Plaintiffs shall file properly redacted versions of the documents within seven days of the date of this order.**

3. In the same June 19, 2015 order, I also denied without prejudice Quest's motion to seal its "Request for Additional Subject to be Addressed at the June 10, 2015 Hearing" and gave plaintiffs (who had designated the underlying information as confidential) seven days to submit a declaration in support of sealing. *Id.* at 15 n.5. Plaintiffs did not do so. **Accordingly, the Clerk shall UNSEAL the document, located at docket number 302-1.**

4. On June 17, 2015, Quest moved to seal portions of its "Brief Regarding Plaintiffs Communications with Fair Laboratory Practices Associates" and one of the attached exhibits. Dkt. No. 308. The only stated basis for sealing was that plaintiffs had designated the underlying information as confidential, but plaintiffs did not submit a declaration in support of sealing. **Accordingly, the motion is DENIED WITH PREJUDICE, and the Clerk shall UNSEAL the documents, located at docket numbers 308-2 and 308-7.**

5. On July 2, 2015, Quest moved to seal all or portions of seven exhibits attached to its motions in limine. Dkt. No. 320. Quest moved to seal three of the exhibits on its own behalf and four of the exhibits on plaintiffs' behalf. *Id.* Plaintiffs did not file a declaration in support of sealing. This motion is GRANTED with respect to the exhibits (or portions thereof) specifically identified in the proposed order submitted by Quest, located at docket number 320-1. It is DENIED WITH PREJUDICE with respect to all other documents sought to be sealed. **Quest shall file properly redacted versions of the documents within seven days of the date of this order.**

6. On July 10, 2015, plaintiffs moved to seal portions of its brief in opposition to Quest's motions in limine and all or portions of several attached exhibits. Dkt. No. 332. The only stated basis for sealing was that Quest or third-parties had designated the underlying information as confidential. *Id.* On July 14, 2015, Aetna filed a declaration in support of sealing Exhibit 8 to plaintiffs' opposition brief. Dkt. No. 334. On the same date, Quest filed a declaration in support of sealing all or portions of Exhibits 2 and 8-11. Dkt. No. 335. This motion is GRANTED with respect to Exhibits 2 and 8-11 or the portions thereof specifically identified in the proposed order submitted by Quest, located at docket

1  number 335-1.  It is DENIED WITH PREJUDICE with respect to all other documents sought to be
2  sealed.  **Plaintiffs shall file properly redacted versions of the documents within seven days of the**
3  **date of this order.**
4        **IT IS SO ORDERED**.
5  Dated: August 25, 2015



WILLIAM H. ORRICK
United States District Judge